UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21−cr−00141−RBD−EJK |
| | ) | |
| EMMET BOWENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT EMMET BOWENS'
RENEWED MOTION TO MODIFY CONDITIONS OF RELEASE**

The Defendant, Emmet Bowens ("Mr. Bowens"), by and through the undersigned counsel, hereby renews his motion for this Honorable Court to modify his conditions of pretrial release. Specifically, Mr. Bowens requests the removal of the Global Positioning Satellite ("GPS") monitoring device, which is currently attached to his ankle, 24 hours a day, seven days a week, as part of the conditions of release. In support thereof, Mr. Bowens states as follows:

**STATEMENT OF FACTS**

*Relevant Procedural History*

1.      On November 10, 2021, a federal grand jury in the Middle District of Florida returned an indictment charging Mr. Bowens with two counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts One and Two), and four counts of

money laundering, in violation of 18 U.S.C. § 1957 (Counts Three through Six).

Doc. 1.  According to the government's discovery production, in October of 2020,

Mr. Bowens was made aware of the criminal investigation underlying his

indictment, when the Federal Bureau of Investigation ("FBI") contacted him.

2.      On December 2, 2021, at the Hartsfield-Jackson International Airport,

in Atlanta, Georgia, Mr. Bowens was detained and eventually arrested in

connection with a warrant issued in this case.  Docs. 7, 9.  Notably, Mr. Bowens

was returning to the United States from an international trip he had recently taken.

Mr. Bowens was fully cooperative during his arrest process.  In addition, Mr.

Bowens' passport was seized by the arresting agents and eventually surrendered

to U.S. Pretrial Services ("Pretrial Services").  Doc. 7 at 7.

3.      On the same date of his arrest, December 2, 2021, Mr. Bowens had a

Rule 5(c)(3) initial appearance before a U.S. Magistrate Judge in the Northern

District of Georgia.  Doc. 7.  At this hearing, the Magistrate Judge set conditions

of release for Mr. Bowens, including, *inter alia*, the requirement that he appear in

all proceedings in this case as directed, that he be supervised by Pretrial Services,

and that he participate in GPS location monitoring.  *Id.* at 7.  Mr. Bowens was

under the impression that the GPS location monitoring device would only be

required for the period between his release from custody in the Northern District

of Georgia and his arrival in the Middle District of Florida, where his pretrial

release conditions could be revisited.

4.      On December 16, 2021, Mr. Bowens appeared in the Middle District

of Florida, where this Court held an in-district initial appearance in Mr. Bowens'

case.  Doc. 10.  At this hearing, Mr. Bowens made an *ore tenus* motion to modify

his conditions of release.   Docs. 10, 14.   The undersigned was not Mr. Bowens'

counsel of record at the in-district initial appearance.   However, it is the

undersigned's belief that Mr. Bowens *ore tenus* motion to modify conditions of

release included a request for the removal of the GPS device on his ankle.  This is

consistent with Mr. Bowens' belief that the GPS monitoring device was no longer

necessary, as he had voluntarily reported to the Middle District of Florida, where

his case was pending, and where he lives with his family.   The Court ultimately

denied Mr. Bowens' *ore tenus* motion to modify the conditions of his release.  Doc.

15.

5.      Since his arrest in December of last year, Mr. Bowens has fully

complied with all the conditions of his release, including the GPS location

monitoring.  However, Mr. Bowens maintains that the GPS device attached to his

ankle is unnecessary as he is neither a flight risk, nor a danger to the community.

Moreover, the device has caused him swelling, bruising, pain and discomfort.

6.      The undersigned has conferred with Pretrial Services Officer Charles Sweatt who has supervised Mr. Bowens since his initial appearance in this case. Officer Sweatt confirmed that Mr. Bowens has fully complied with all the conditions of his release, and has had no issues whatsoever during his pretrial release in this case.  The undersigned has also conferred with Assistant United States Attorney Amanda Daniels who has informed the undersigned that the government opposes the instant motion.

## MEMORANDUM OF LAW

Once the Court orders a defendant to be released on conditions pursuant to 18 U.S.C. § 3142(c), "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release."  *See* 18 U.S.C. § 3142(c)(3). Further, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . ." the court with original jurisdiction over the charged offense has authority to amend the defendant's conditions of pretrial release.  18 U.S.C. § 3145(a)(2).

The ability of a defendant to request an amendment to his pretrial release conditions is consistent with both federal statutes and the United States Constitution.  The Bail Reform Act requires a court to release a defendant on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure

the appearance of the person as required or will endanger the safety of any other person or the community."[1]  18 U.S.C. § 3142(b).  Even if the Court makes such a determination regarding risk of flight, the statute requires the court to release the defendant on the "least restrictive" conditions necessary to assure the appearance of the individual.  *See* 18 U.S.C. § 3142(c)(1)(B).

In the constitutional context, the Eighth Amendment prohibits a defendant from being detained based on "[e]xcessive bail."  Finally, Mr. Bowens' motion raises a proposition that is "so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *See United States v. Ailemen*, 165 F.R.D. 571, 578 (N.D. Cal. 1996). "That concept, which has served as the cornerstone of our system of criminal justice, is that an accused must be presumed innocent until proven guilty."  *Id.*  "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895). "Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951) (Vinson, Chief Justice).  "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*,

---

[1]

425 U.S. 501, 503 (1975).  Mr. Bowens' request for a modification of his conditions of pretrial release is consistent with the foregoing statutory and constitutional principles.

As noted above, the Bail Reform Act mandates that Mr. Bowens should be "subject to the least restrictive" condition or combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community.  *See* 18 U.S.C. § 3142(c)(1)(B).  Here, the "least restrictive" conditions for Mr. Bowens should not include the onerous condition of having to wear a GPS monitoring device on his ankle 24 hours a day, seven days a week. Mr. Bowens is charged with a non-violent offense, and his background reflects that he is a family man with longstanding ties to the Middle District of Florida. Specifically, Mr. Bowens has resided in the Middle District of Florida for 16 years. He currently lives with his wife and daughter at a residence that he owns in Apopka, Florida.  Further still, Mr. Bowens has demonstrated to the Court during these past four months that he will comply with whatever conditions of release the Court imposes, including, amongst others, regularly reporting to Pretrial Services, not committing new crimes, and refraining from excessive alcohol consumption or illegal drug use.   As noted above, Mr. Bowens knew about the government's investigation a full year in advance of his indictment and arrest in this case.  He could have easily remained outside of the United States, instead of

returning in December 2021.   The fact is that Mr. Bowens' return to the United States and his full compliance with his pretrial release conditions since his arrest in this case, indicates that he poses no flight risk whatsoever in the instant case. Lastly, there is no indication whatsoever that Mr. Bowens poses a danger to the community.  In sum, consistent with the Bail Reform Act and the authority cited above, this Court should modify Mr. Bowens' conditions of release and remove the GPS location monitoring requirement.

### CONCLUSION

WHEREFORE, the Defendant, Emmet Bowens, moves this Honorable Court to amend the conditions of his pretrial release and remove the condition of GPS location monitoring.

Respectfully submitted on this 21st day of April, 2022.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No.  0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on  April 21, 2022, I filed a copy of the foregoing with the

Clerk of the Court via the CM/ECF system. I further certify that all parties to this case

are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No.  0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
Attorney for Defendant