# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO. 6:21-cr-141-RBD-EJK

EMMET BOWENS
_____/

## ORDER

This cause comes before the Court following Defendant Emmet Bowens's competency hearing held on July 13, 2022. (Doc. 71.) For the reasons stated on the record and herein, the Court finds that Defendant is not competent to proceed to trial. He shall be committed to the custody of the Attorney General for hospitalization and treatment.

On May 16, 2022, the undersigned held a hearing on Defendant's Unopposed Motion for a Hearing and Out-Patient Examination to Determine Mental Competency (Doc. 47), during which the Court found reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). (*See* Docs. 48, 55.) As such, at Defendant's request, the Court appointed Jeffrey A. Danziger, M.D. ("Dr. Danziger"), to examine Defendant and to render an opinion regarding his competency to proceed to trial. (Doc. 55.) Following the submission of Dr. Danziger's report, both the United States and Defendant filed notices indicating

they did not contest Dr. Danziger's findings regarding Defendant's mental competency. (Docs. 68 at 1; 70 at 4.)

Having considered the report of Dr. Danziger and the notices filed by the United States and Defendant, and after conducting a competency hearing on July 13, 2022, the Court finds that the preponderance of the evidence supports a finding that Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The statute directs the Court to "commit . . . [D]efendant to the custody of the Attorney General," who will "hospitalize . . . [D]efendant for treatment in a suitable facility . . . . to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and "for an additional period of time" until either his mental condition improves so trial may proceed, or the pending charges "are disposed of according to law." *Id.*

Accordingly, it is hereby **ORDERED** as follows:

1. The Court **FINDS** Defendant Emmet Bowens is currently not competent to proceed to trial.

2. The Court **COMMITS** Defendant to the custody of the Attorney General, who is **DIRECTED** to hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months from the date Defendant arrives at the designated facility, to determine whether there

is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward. Specifically, the Court recommends Defendant be hospitalized at the Federal Medical Center in Butner, North Carolina ("FMC Butner").

3. Defendant is **ORDERED** to report to the designated facility on the date set forth by the Bureau of Prisons. **Failure to report to the designated facility on the designated date may result in a warrant being issued for Defendant's arrest.**

4. The United States is **DIRECTED** to file a report as to Defendant's status prior to the expiration of the four-month treatment period.

5. The United States is **DIRECTED** to file a motion for the release of Defendant from the Attorney General's custody within five days of receipt of a § 4241(e) certificate.[1]

**DONE** and **ORDERED** in Orlando, Florida on July 13, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 4241(e) directs the director of the facility where Defendant will ultimately be housed to file a certificate with the Clerk of the Court upon a determination that Defendant "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e).